UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
SERENA A. MAY, *d/b/a* McCrary's
Justice Serv.,

                Plaintiff,

    - against -

NATAIA CARRYL, HON. JOSEPH J.
ESPOSITO, HON. RICHARD G. LATIN; LEON
Z. MENER; JOSEPH C. DIPIANO, and
MICHAEL GOLDMAN,

                Defendants.
----------------------------------X

**MEMORANDUM & ORDER**

15-CV-2386 (KAM)

**MATSUMOTO, United States District Judge:**

On April 9, 2015, the Court received *pro se* plaintiff Serena May's Complaint dated April 4, 2014.[1] Plaintiff's application to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915. For the reasons that follow, the complaint is dismissed.

## BACKGROUND

The complaint consists of handwritten responses recorded on a form complaint captioned for the United States District Court for the Southern District of New York. According to the complaint, plaintiff received a call on June 1, 2014 in which "a debt collector contacted [her] demanding cash or [her]

---

[1] Presumably a typographical error for April 4, 2015.

1

lights would go out." (ECF No. 1, Compl. at 4.[2])  Plaintiff was given a court date, September 30, 2014, on which date she appeared before the Honorable Carmen R. Velasquez (*id.*), then a judge of the Civil Court of the City of New York, Queens County. "The fake lawyer Nataia Carryl, 'who [plaintiff] recognized as a debt collector'" also appeared, according to the complaint. (*Id.*)  The complaint further alleges:  "On Jan. 8 2015 Ms. Nataia Carryl broke into [plaintiff's] store and stole [the] meter, destroying the shop," (*id.*), and "On Jan. 28, 2015 I received a call from Mr. Mener, stating hold [*sic*] sold that debt to Nataia Carryl."  (*Id.*)

Plaintiff mentions a series of what appear to be civil court proceedings.  She states that she spoke with "Mr. Donald C. Dipiano because he is filing taxes taking cash out my account, via W9" [*sic*] and "Micheal [*sic*] Goldman[,] Judge Esposito['s] clerk[,] concerning this fake lawyer."  (*Id.*) Plaintiff states that she returned to court to inform the court that she does not owe money to Ms. Carryl, and that she contacted the "grievance committee" and learned that Ms. Carryl was not an attorney.  (*Id* at 3-4.)  Plaintiff further avers that an unidentified motion was decided on February 2, 2015, but that she was not informed of the decision until April 3, 2015.  (*Id.*

---

[2] Because the pages of plaintiff's complaint are not consecutively paginated, the court refers to the page numbers of the complaint as filed on ECF.

at 3.) She alleges that "[t]he court is allowing anyone to come up to court and demand money cash from innocent citizen, refusing all due process. No justice is coming through the judge, the clerk and the fake lawyer are all in conspricy [*sic*] to robb [*sic*] citizen." (*Id.*)

Plaintiff alleges that the actions of defendants have caused her business to lose electricity and that she has "no money, no business," and her life has been ruined. (*Id.* at 4.) Plaintiff asks the court to "investigate the civil courtroom 102 and 307 where debt collectors whom have bought debts, gather with the court adding and betting the extentortion against United States of America citizen [*sic*]." (*Id.* at 5.) She further demands that the Civil Court be sanctioned, that defendant Carryl be arrested, and that court officers and judges be removed from the courthouse because "they are taking bribes." (*Id.*) She also seeks $1 billion in damages. (*Id.*)

Plaintiff attaches a series of exhibits from the proceedings in the Civil Court of the City of New York, Queens County, from index numbers 401693-14 and RE-400991-14. In one such document, dated January 12, 2015, plaintiff requested an Order to Show Cause to Restore Services to Premises, on the grounds that "plaintiff Con Edison was paid in full." (*Id.* at 8.) In an order dated February 18, 2015, Judge Richard G. Latin denied the motion on the ground that movant had failed to submit

documentary evidence or otherwise establish her assertion that the debt, in the amount of $3111.96, had been paid. (*Id.* at 15.)

The caption names as defendants Nataia Carryl, Judges Joseph J. Esposito and Richard G. Latin, attorneys Leon Z. Mener and Joseph C. DiPiano, and court clerk Michael Goldman. In the space on the form for the basis of this court's jurisdiction, plaintiff asserts "Obstruction of Justice. 18 U.S.C. 1503, denying my constitutional rights, fraud in the factum. . . deny Serena May justice due process, fair and equity." (*Id.* at 2.)

## DISCUSSION

I. Standard of Review

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Furthermore, the pleadings must be read liberally and interpreted as raising the strongest arguments they suggest. *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004); *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994). "The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." *Northrop v. Hoffman of Simsbury, Inc.*, 134

F.3d 41, 46 (2d Cir. 1997) (citation omitted), *abrogated on other grounds by Swierkiewicz v. Sorema N.A.,* 534 U.S. 506 (2002).  If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this court must grant leave to amend the complaint.  *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (citing *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).

A district court must dismiss an *in forma pauperis* complaint, however, if the court determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  Moreover, a plaintiff seeking to bring a lawsuit in federal court must establish that the court has subject matter jurisdiction over the action.  If the court "determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  Fed. R. Civ. P. 12(h)(3); *accord Yong Qin Luo v. Mikel*, 625 F.3d 772, 775 (2d Cir. 2010).  Federal subject matter jurisdiction is available only when a "federal question" is presented, 28 U.S.C. § 1331, or when the plaintiffs and the defendants have complete diversity of citizenship and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332.  "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into

question the interpretation or application of federal law." *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975).

**II. Judicial Immunity**

As an initial matter, plaintiff's claims against all of the judicial defendants must be dismissed. It is well-settled that judges have absolute immunity from suit for damages for judicial acts performed in their judicial capacities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *Forrester v. White*, 484 U.S. 219, 225 (1988). The absolute judicial immunity of the court and its members "is not overcome by allegations of bad faith or malice," nor can a judge "be deprived of immunity because the action he took was in error . . . or was in excess of his authority." *Mireles*, 502 U.S. at 11, 13 (quotations and citations omitted). Judicial immunity may be overcome only if the court is alleged to have taken nonjudicial actions or if the judicial actions taken were "in the complete absence of all jurisdiction." *Id.* at 11-12. Absolute judicial immunity extends to court clerks who are performing tasks "which are judicial in nature and an integral part of the judicial process." *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir. 1997).

The Federal Courts Improvement Act of 1996 ("F.C.I.A.") extends judicial immunity to most actions seeking prospective injunctive relief. Specifically, the F.C.I.A. provides that "in any action brought against a judicial officer

for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Federal Courts Improvement Act of 1996, § 309(c), Pub. L. No. 104-317, 110 Stat. 3847, 3853 (1996) (amending 42 U.S.C. § 1983); *see, e.g.*, *Huminski v. Corsones*, 396 F.3d 53, 74 (2d Cir. 2005). Plaintiff has not alleged that a declaratory decree was violated or that declaratory relief was unavailable; thus, judicial immunity extends to her claims for injunctive relief.

Plaintiff's allegations against Judges Esposito and Latin and court clerk Goldman arise out of the proceedings and actions in the Civil Court, which are judicial acts performed within the three defendants' judicial capacities or under the direction of a judicial officer. Thus, these defendants are shielded from liability by absolute judicial immunity and are dismissed from the instant suit pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

**III. Claims against the Remaining Defendants**

The complaint alleges that this court has jurisdiction pursuant to a criminal statute, 18 U.S.C. § 1503, which provides criminal penalties for the obstruction of justice by threatening or otherwise attempting to corrupt a court officer or juror. Generally, violations of the United States Criminal Code may not

7

serve as the basis for a civil cause of action unless the criminal statute includes an express or implied private right of action. *See Cort v. Ash*, 422 U.S. 66, 79 (1975) (no private right of action exists under criminal statutes unless there is a clear statutory basis for such an inference). Plaintiff has not identified any private right of action under 18 U.S.C. § 1503. *See Nichairmhaic v. Dembo*, No. 13-CV-1184, 2013 WL 6385041, at *6 (D. Conn. Dec. 4, 2013) ("The remedy in section 1503 is a criminal penalty, and clearly not any sort of private right of action.") (citing *Moldowan v. City of Warren,* 578 F.3d 351, 391 (6th Cir. 2009) (no civil claim for damages under section 1503)); *see also Hanna v. Home Ins. Co.,* 281 F.2d 298, 303 (5th Cir. 1960) (no civil remedies under section 1503); *Odell v. Humble Oil & Refining Co.,* 201 F.2d 123, 127 (10th Cir. 1953) (no cause of action under section 1503)); *Barry v. U.S. S.E.C.*, No. 10-CV-4071, 2012 WL 760456, at *3 (E.D.N.Y. Mar. 7, 2012) (dismissing plaintiff's civil claims alleging obstruction of justice under section 1503).

Plaintiff's references to due process and constitutional rights suggest claims under 42 U.S.C. § 1983 ("Section 1983"), which provides a mechanism for bringing civil rights claims against state actors. In order to maintain a Section 1983 action, a plaintiff must allege two essential elements. First, "the conduct complained of must have been

committed by a person acting under color of state law." *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994). Second, "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." *Id.* Section 1983 imposes liability for constitutional deprivations caused by state actors, and cannot be applied to the actions of private individuals or private organizations. As the Supreme Court has held, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (quotations omitted).

In this case, all of the non-judicial defendants are private individuals, and plaintiff has not alleged that defendants Carryl, Mener, or DiPiano are government officials or are otherwise acting "under color of state law." As the defendants do not appear to be amenable to suit under Section 1983, any potential civil rights claims will be dismissed for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff presents no other basis for federal jurisdiction over her claims. To the extent that she believes she is not required to pay the alleged debts or that she is the victim of fraud, she may continue to pursue potential remedies

in state court.

## CONCLUSION

For the reasons set forth above, the complaint is dismissed for failure to state a claim on which relief may be granted and because the judges named as defendants are immune from suit. 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). Any state law claims are dismissed without prejudice. The court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is respectfully requested to serve a copy of this Order on plaintiff and note service on the docket.

**SO ORDERED.**

**Dated**: Brooklyn, New York
June 3, 2015

_____/s/_____
KIYO A. MATSUMOTO
United States District Judge
Eastern District of New York